**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASPREET SINGH,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 07-74515

Agency No. A096-169-770

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2011
San Francisco, California

Before: HUG, SILVERMAN, and GRABER, Circuit Judges.

Jaspreet Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

558 F.3d 1049, 1056 (9th Cir. 2009), and dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's decision that petitioner's asylum application was untimely. *See* 8 U.S.C. 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Thus, we dismiss the asylum claim.

We hold that substantial evidence supports the BIA's denial of withholding of removal based on an adverse credibility finding and the failure of petitioner to provide easily available corroborating evidence. As the BIA found, the petitioner provided inconsistent, vague statements of his political activities with regard to the candidates he supported and the year he voted in India. *See Chebchoub v. INS*, 257 F.3d 1038, 1045 (9th Cir. 2001) (upholding adverse credibility finding), *superceded by statute on other grounds as recognized in Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010). Petitioner also failed to provide easily available corroborating evidence of his claim. *See id.* (upholding failure to provide corroboration given negative credibility finding). In the absence of credible testimony and corroboration, his withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioner's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the BIA should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**